UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Martin Stanley;<br><br>    Plaintiff;<br><br>vs.<br><br>Sallie Samantha Stanley;<br><br>    Defendant. | C/A No.  6:06-1644-CMC-WMC<br><br>**Report and Recommendation** |

The Plaintiff, William Martin Stanley (hereafter, the "Plaintiff") is a prisoner proceeding *pro se*.  Under the provisions of 28 U.S.C. §636(b)(1)(b), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## **BACKGROUND**

Plaintiff is presently incarcerated at the Alvin S. Glenn Detention Center in Columbia, South Carolina.  On April 4, 2006, he was convicted upon jury trial in this Court and presently awaits sentencing.  *See United States v. William Martin Stanley*, 0:05-1249-CMC (D.S.C. 2005).  On May 11, 2006, Stanley wrote a letter to this Court in which, among other things, he stated that the Defendant testified falsely during his trial. The narrative in his present Complaint alleges the following:

> (1) The Defendant did slander and caused deflamation [sic] of character on or about 4-3-06 as she was testifying in open court and is a part of court record.
> (2) The Defendant has physicaly [sic] abused me on numerous occasions, which police reports and wittneses [sic] will prove.
> (3) The defendant did mentaly [sic] abuse me by the way she spoke to me and the way she used our children as weapons to hurt me.

1

> (4) The defendant has caused me great deal of mental and physical duress with the above actions.
> (5) The defendant did steal clothing, furniture and other items without any court order, she did do it unlawfully.
> (6) The defendant refused to pay certain bills which she accumalated [sic] during our marriage yet has not paid any.

[Docket Entry #1-1, p. 3.] Plaintiff demands One Million Dollars ($1,000,000.00) in monetary damages.

## **DISCUSSION**

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S .97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe, supra*. Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

United States District Courts, as federal courts established by the United States Congress, are limited in their jurisdiction to "federal question" and "diversity" cases pursuant to 28 U.S.C. § 1331 and § 1332. The courts must interpret and apply those statutory provisions in specific cases. An action for violation of civil rights under 42 U.S.C. §1983 is a "federal question" case which means that Congress establishes by statute the basis contours of litigation to enforce its provisions. An action to recover damages for an intentional tort – such as defamation – can be entertained by this Court in its "diversity"

jurisdiction when the parties are citizens of different states. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791, (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993). It is clear from the Complaint that both parties are citizens of South Carolina.  Therefore, "diversity" jurisdiction cannot be asserted in this case.

If the Complaint is liberally construed as an action under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

The Defendant is a private citizen who has testified in a criminal proceeding against Plaintiff. The conduct of private individuals or corporations must take place as "state action" or under "color of state law" to be actionable pursuant to 42 U.S.C. § 1983. A private individual or corporation must be a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, *supra*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[1]

Not only is the Defendant a private citizen but also a witness in a federal proceeding. No cause of action can be stated against witnesses in a judicial proceeding as a result of testimony or other participation. This rule is so well-settled that citation to

---

[1] – Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988)(collecting cases)

authority is hardly required. In *Briscoe v. LaHue*, 460 U.S. 325, 331-334 (1983), an authoritative review of witness immunity in its historical context can be found. Since Plaintiff has already presented the matter of alleged false testimony to the trial court, there is no reason to entertain this action as a civil suit.

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez, supra*. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id*.

### RECOMMENDATION

It is recommended that this action be dismissed **and that this dismissal be deemed a "strike" under 28 U.S.C. § 1915(g)**. The Plaintiff's attention is directed to the important notice on the following page.

s/William M. Catoe
United States Magistrate Judge

August 1, 2006
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, supra; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
